## MUNN v. POPE.

1. Under the general issue, in assumpsit, any evidence tending to increase or diminish the value of the article sold, is proper evidence, so as to ascertain its true value.
2. If a party agrees to receive property in payment, it may be proven as payment under the general issue, to the extent of its value or stipulated price.

THIS was an action of assumpsit tried in Madison Circuit Court, in which Matthias Munn was plaintiff, and Benjamin S. Pope, was defendant. The action was brought to recover the price of a cotton gin sold and delivered, &c. the pleas were non-assumpsit, payment and set off. On the trial, the plaintiff, under the common counts, proved the delivery of a forty-seven saw cotton gin to the defendant, and that the usual price of gins was four dollars per saw. The defendant proved that the plaintiff agreed to deliver him a first rate gin, and to receive in part payment his old cotton gin, and that he had delivered it to him, and had paid him forty-four dollars for the balance. He also introduced several witnesses to shew that the gin delivered by the plaintiff was not first rate, but was very inferior, and also that soon after the gin was received, that he was compelled to pay another workman $25, for necessary work to put it in proper repair. To the introduction of this evidence the plaintiff objected, but the objection was overruled, and the evidence was permitted to go to the jury; to which the plaintiff excepted. There was a verdict for the defendant, and judgment thereupon. The admission of this evidence is assigned for error.

a Littell's selected cases. 198-99-200. 1 Mason's R. 93.

BRANDON and URQUHART, for the plaintiff in error.[a]

THORNTON & PEETE, for the defendant.

By JUDGE PERRY.    It is contended that the judg-
ment should be reversed, 1st. Because the Court below
permitted the defendant to prove the bad quality of the
gin; 2d.  Because the Court below permitted the defen-
dant to prove repairs done to the gin; and 3dly.  Because
the Court permitted the defendant to prove that the old
gin was taken in part payment for the new one.

As to the first ground taken by the plaintiff in error, I
hold it to be a well settled rule of law, that where a party
seeks to recover the value of an article sold, all testimony
is admissible on either side, which tends to prove or ascer-
tain its true value.    The plaintiff was therefore bound to
shew what the value of the gin was; this he did, by prov-
ing that the usual value of gins per saw was four dollars.
This testimony would have authorized a recovery for that
amount, had the defendant acquiesced.    But as the value
of the gin was the matter in dispute, it was competent for
him to shew by proof that the gin was of less value than
that fixed as the usual price of first rate cotton gins.    The
testimony was therefore properly received.

The second point taken by the plaintiff is involved in the
first, inasmuch as it was necessary to the usefulness of the
gin to have it repaired, it was lessened in value, as proved
by the plaintiff, to the extent of the repairs made.

The third question presents the inquiry, if, under the
general issue, any thing else besides money, can be a pay-
ment?    I hold it to be an incontrovertable principle,  that
whatever a party agrees to receive in payment of a debt,
will be considered as such, and can be given in evidence
under the general issue.    The plaintiff, then, by his agree-
ment, promised to take the defendant's old gin in part
payment for his new one; so far as the value of the old
gin could be ascertained, it was a good payment for so
much.    The Court are unanimous in the opinion
that the Court did not err in admitting the defendant's
testimony.

Judgment affirmed.